UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEODORE J. VAN ZYL,

      Plaintiff,

v.                                     Case No. 8:09-cv-151-T-23TGW

AVIATOUR, INC., AVIATOUR
FLY'N, INC., and JESSOP BAHINTING,

      Defendants.

_____/

## ORDER

    On January 29, 2009, the plaintiff sued (Doc. 1) the defendants and alleged a violation of the Fair Labor Standards Act (the "FLSA"), breach of contract, and conversion.  The defendants Aviatour, Inc., and Kenneth Madrid first appeared in this action on March 18, 2009.  A July 9, 2009, order (Doc. 18) (1) granted in part the defendants' motion to dismiss, (2) dismissed both the FLSA and conversion claims, and (3) dismissed for lack of personal jurisdiction all claims against Kenneth Madrid.  Aviatour answered (Doc. 26) the complaint on August 20, 2009.  On September 18, 2009, Magistrate Judge Thomas G. Wilson (1) granted a motion to withdraw as attorney by Aviatour's counsel, Stanford R. Solomon, and (2) directed Aviatour to both retain new counsel and file a notice of appearance within thirty days.  (Doc. 25)  In the four months following Magistrate Judge Wilson's order, the plaintiff failed to prosecute and Aviatour failed to defend the case.  Because of the four months of inactivity, this court ordered Aviatour to show cause why Aviatour should not be defaulted.  Receiving no response, the court on January 22, 2010, directed the Clerk to strike Aviatour's answer and enter a default against Aviatour.  Another month passed and the plaintiff failed to

move for a default judgment.  See Local Rule 1.07 (stating that following the Clerk's entry of default pursuant to Rule 55(a), Federal Rules of Civil Procedure, the plaintiff "shall then proceed without delay to apply for a default judgment pursuant to Rule 55(b) . . . failing which the case shall be subject to dismissal . . . . without notice and without prejudice.").  Accordingly, a February 17, 2010, order (Doc. 34) directed the plaintiff to show cause by February 22, 2010, why this action should not be dismissed pursuant to Local Rule 3.10 for failure to prosecute.  Because the plaintiff failed to respond, a February 26, 2010, order (Doc. 35) dismissed this action without prejudice.  On March 12, 2010, the plaintiff moved (1) to re-open the case (Doc. 37) and (2) for a default judgment (Doc. 38).

Neither of the plaintiff's motions show (1) good cause pursuant to Rule 6(b) or Local Rule 1.07 for either the plaintiff's failing to timely move for a default judgment or the plaintiff's failing to timely respond to the court's order to show cause or (2) good cause for the plaintiff's otherwise failing to prosecute this action pursuant to Local Rule 3.10.[1]  Accordingly, the plaintiff's motions (Docs. 37 & 38) are **DENIED**.

ORDERED in Tampa, Florida, on March 29, 2010.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

---

[1] The plaintiff also failed in the six months that Aviatour was represented by counsel to timely file a case management report as required by Local Rule 3.05.